IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KENYATTA HUTCHINS, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| vs. | : | |
| | : | Jury Trial Demanded |
| DIAMOND COMMUNITY LIVING, LLC and SENECTRA SANYAOLU, | : | |
| | : | |
| Defendants. | : | |

# COMPLAINT

Plaintiff Kenyatta Hutchins ("Hutchins"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendants Diamond Community Living, LLC ("Diamond") and Senectra Sanyalou ("Sanyalou") (collectively "Defendants") and shows the Court as follows:

## 1. INTRODUCTION

1.

Hutchins brings this action because Defendants failed to pay her for certain hours worked, including time spent transporting clients, and failed to pay her the required FLSA premium for hours worked above forty in many workweeks.

## 2. JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Diamond is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## 3. THE PARTIES

4.

Hutchins resides in Paulding County, Georgia.

5.

At all times material hereto, Hutchins was an "employee" of Diamond as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Diamond is a corporation organized under the laws of the State of Georgia.

7.

At all times material hereto, Diamond was authorized to conduct business in the State of Georgia.

8.

At all times material hereto, Diamond was an "employer" of Hutchins as defined in FLSA § 3(d), 29 U.S.C. §203(d).

9.

Diamond is subject to the personal jurisdiction of this Court.

10.

Diamond may be served with process through its registered agent Senectra Sanyaolu located at 741 Riverwood Drive, Dallas, Georgia 30157.

11.

Sanyaolu resides within Paulding County, Georgia.

12.

At all times material hereto, Hutchins was an "employee" of Sanyaolu as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

At all times material hereto, Sanyaolu was an "employer" of Hutchins as defined in FLSA § 3(d), 29 U.S.C. §203(d).

14.

Sanyaolu is subject to the personal jurisdiction of this Court.

15.

Sanyaolu may be served with process at 741 Riverwood Drive, Dallas, Georgia 30157 or wherever she may be found.

a. **Individual Coverage:**

16.

From October 2015 through July 30, 2016 (hereinafter "the Relevant Time Period"), Hutchins were "engaged in commerce" as an employee of Diamond as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

b. **Enterprise Coverage:**

17.

During the Relevant Time Period, Diamond was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

During 2015, Diamond had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

19.

During 2016, Diamond had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2015, Diamond had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2016, Diamond had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Diamond had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

During 2016, Diamond had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

24.

During the Relevant Time Period, two or more employees of Diamond, including Hutchins, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: paper, office furniture, office supplies, cleaning supplies, food, and medications.

25.

During the Relevant Time Period, Diamond was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

   c. **Statutory Employer**

26.

During the Relevamt Time Period, Sanyaolu exercised operational control over the work activities of Hutchins.

27.

During the relevant time period, Sanyaolu was involved in the day to day operation of Diamond in which Hutchins worked.

28.

During the relevant time period, Diamond vested Sanyaolu with supervisory authority over Hutchins.

29.

During the relevant time period, Sanyaolu exercised supervisory authority over Hutchins.

30.

During the relevant time period, Sanyaolu scheduled Hutchins' working hours or supervised the scheduling of Hutchins' working hours.

31.

During the relevant time period, Sanyaolu exercised authority and supervision over Hutchins' compensation.

32.

During the relevant time period, Sanyaolu was the owner and registered agent of Diamond.

33.

During the relevant time period, Hutchins was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

34.

During the relevant time period, Diamond did not employ Hutchins in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

35.

During the relevant time period, Diamond did not employ Hutchins in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

36.

During the relevant time period, Diamond did not employ Hutchins in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

37.

During the relevant time period, Diamond did not employ Hutchins in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

e. **Additional Factual Allegations**

38.

In October 2015, Defendants hired Hutchins as a Direct Care professional.

39.

In or about April 2016, Defendants promoted Hutchins to Lead Staff of Direct Care.

40.

At all times relevant, Defendants compensated Hutchins on an hourly basis.

41.

From October 2015 through March 2016, Defendants compensated Hutchins at an hourly rate of $8.75 per hour.

42.

After Defendants promoted Hutchins to Lead Staff of Direct Care in or about April 2016, Defendants compensated her at an hourly rate of $11.00.

43.

Hutchins's primary duties did not change significantly after Defendants changed her job title from Direct Care Professional to Lead Staff of Direct Care.

44.

During the relevant time period, Hutchins did not exercise discretion in making significant business decisions on behalf of Defendants.

45.

During the relevant time period, Hutchins did not exercise discretion in making significant business decisions related to any of Defendants' employees.

46.

During the relevant time period, Hutchins did not hire employees on behalf of Defendants.

47.

During the relevant time period, Hutchins did not fire employees on behalf of Defendants.

48.

During the relevant time period, Hutchins did not set the work schedules of Defendants' employees.

49.

During the relevant time period, Hutchins did not set the pay rates of Defendants' employees.

50.

During the relevant time period, Hutchins followed a protocol set by Defendants when interacting with Defendants' clients.

51.

During the relevant time period, Hutchins' discretion in making decisions was limited and circumscribed by the policies and procedures set out by Defendants.

52.

Prior to April 2016, Hutchins regularly worked 6-7 days during each work week.

53.

From April 2016 through July 30, 2016, Hutchins regularly worked five days during each work week, typically from Monday through Friday.

54.

During the relevant time period, Defendants required Hutchins to complete a time sheet each work day.

55.

During the relevant time period, Defendants required Hutchins to write her working hours as 8:00 a.m. to 4:00 p.m.

56.

During the relevant time period, Defendants required Hutchins to write her working hours as 8:00 a.m. to 4:00 p.m. regardless of the number of hours she worked.

57.

From October 2015 through approximately June 14, 2016, in addition to her regular working hours, Hutchins also worked an additional 1-1 ½ hours each morning picking up Defendants' clients from their homes.

58.

From October 2015 through approximately June 14, 2016, in addition to her regular working hours, Hutchins also worked an additional 1-1 ½ hours each evening driving Defendants' clients back to their homes.

59.

Hutchin's driving time is compensable as part of the calculation of the FLSA overtime pay.

60.

From October 2015 through approximately June 14, 2016, in addition to her regular working hours, Hutchins spent approximately 3 hours each work day transporting Defendants' clients to and from their homes.

61.

From October 2015 through approximately June 14, 2016, Defendants did not compensate Hutchins for any of the hours she spent each work day transporting Defendants' clients to and from their homes.

62.

During the relevant time period, Defendants failed to compensate Hutchins for any hours she worked in excess of forty (40) hours during each work week.

63.

During the relevant time period, Defendants failed to compensate Hutchins for all hours she worked.

### 4.   COUNT I — FAILURE TO PAY OVERTIME

64.

Hutchins incorporates by reference the allegations in all previous paragraphs as if fully set out in this paragraph.

65.

At all times material hereto, Hutchins has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

66.

During her employment with Defendants, Hutchins was required regularly to work in excess of forty (40) hours during each week.

67.

Defendants failed to pay Hutchins at one and one half times her regular rate for all the hours she worked in excess of forty (40) hours in each workweek from October 2015 through July 30, 2016.

68.

Defendants willfully failed to pay Hutchins at one and one half times her regular rate for all hours that she worked in excess of forty (40) hours in each workweek from October 2015 through July 30, 2016.

69.

Hutchins is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.

As a result of the underpayment of overtime compensation as alleged above, Hutchins is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.

As a result of the underpayment of overtime compensation as alleged above, Hutchins is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Hutchins respectfully prays:

1. That Plaintiff's claims be tried before a jury;
2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;
3. That Plaintiff be awarded costs of litigation, including her reasonable attorneys' fees from Defendants; and
4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN*, LLC**

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3150
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

*/S/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

*/S/KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF